IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| RAYMOND GASTON POWELL III | : | CIVIL ACTION | |
| v. | : | | |
| DET. MICHAEL P. FEDAK, et al. | : | NO. 14-569 | |

**MEMORANDUM**

**ROBRENO, J.**                                                                                     JANUARY 31, 2014

Plaintiff Raymond Gaston Powell, III brings this action pursuant to 42 U.S.C. § 1983, based on his allegations that the defendants illegally seized his DNA and used the evidence to convict him of certain crimes. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   FACTS[1]

Plaintiff claims that, on December 16, 2009 and December 18, 2009, Detectives Michael P. Fedak and Michael Lebby forcibly obtained a DNA sample from him while he was an inmate at the Montgomery County Correctional Facility. Plaintiff contends that the DNA evidence was subsequently used to convict him of various crimes in the Montgomery County Court of Common Pleas. As a result, he is currently serving a term of imprisonment.

Based on those facts, plaintiff filed this civil rights action against Detectives Fedak and Lebby; Assistant District Attorneys Tonya W. Lupinacci and Jason Whalley, who appear to have prosecuted plaintiff; and Katherine Cross, an employee of the lab that processed plaintiff's DNA. He seeks compensatory and punitive damages "for the illegal seizure of DNA, subsequent

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and publicly available dockets of relevant criminal proceedings in state court.

1

conviction, and pain, suffering." (Compl. ¶ V.) The Court understands plaintiff to be claiming that his Fourth Amendment rights were violated by the seizure of his DNA and his subsequent prosecution.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[T[o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, plaintiff seeks damages in part due to his allegedly unconstitutional conviction and imprisonment. However, he does not allege that any of his convictions have been reversed or otherwise invalidated. To the contrary, dockets from the Montgomery County Court of Common Pleas reflect that plaintiff was prosecuted and convicted in two criminal proceedings initiated in 2009, and that the convictions obtained in those cases remain intact. *See* CP-46-CR-0007964-2009; CP-46-CR-0007621-2009. Accordingly, his claims for damages based on his conviction and imprisonment must be dismissed because they are not cognizable in a civil rights action.[2]

Although plaintiff's claims based on the seizure of his DNA may be cognizable under § 1983, *see Heck*, 512 U.S. at 487 n.7, those claims are barred by the statute of limitations. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

---

[2] Furthermore, as it appears that plaintiff is suing the Assistant District Attorneys based on their prosecution of the Commonwealth's cases against him, those defendants are entitled to absolute prosecutorial immunity from plaintiff's claims. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976) (prosecutorial immunity shields prosecutors from liability under § 1983 for "activities [that are] intimately associated with the judicial phase of the criminal process").

The complaint reflects that the seizure of plaintiff's DNA took place on December 16th and 18th of 2009. At that point, plaintiff's claims based on those seizures had accrued, and he was or should have been aware of the facts giving rise to his claims. *See Dique v. N.J. State Police*, 603 F.3d 181, 188 (3d Cir. 2010) (holding that fourth amendment claim accrued at the time of the seizure); *see also Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) ("Here, Woodson's § 1983 claim accrued when the search and seizure occurred on October 8, 2009—in other words, the moment that Woodson indisputably knew about the alleged faults of search and seizure.") (per curiam). However, the complaint reflects that plaintiff did not deliver his complaint to prison authorities for mailing until December 13, 2013. Accordingly, it is apparent from the face of the complaint that plaintiff's claims based on the allegedly unconstitutional seizure of his DNA are time-barred.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that plaintiff's claims are barred by *Heck* and the statute of limitations. Accordingly, plaintiff will not be permitted to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.